J-S12019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NADINE SUE SHARER | : | No. 2183 EDA 2025 |
| | : | |

Appeal from the Order Entered July 21, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002304-2024

BEFORE: McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED JULY 21, 2026**

The Commonwealth appeals from the trial court's order granting the mid-trial, oral suppression motion of Nadine Sue Sharer ("Sharer"). We vacate and remand for a new suppression hearing.

In May 2024, around 6:20 a.m., Detective Sergeant Robert Miller ("Detective Miller") of the Pocono Mountain Regional Police Department initiated a traffic stop of Sharer's vehicle for travelling 58.4 miles per hour in a 35-miles-per-hour zone. *See* N.T., 7/21/25, at 11. Detective Miller detected the odor of marijuana in Sharer's car, and while he ran Sharer's information through his computer, radioed for a colleague to respond to assist with the investigation. *See id*. at 12-13. The stop culminated in Detective

_____

[*] Retired Senior Judge assigned to the Superior Court.

Miller filing charges against Sharer for speeding and several counts of driving under the influence ("DUI").[1]

Sharer elected a bench trial. Prior to trial, Sharer did not file a suppression motion and apparently gave no notice to the Commonwealth that she would move for suppression. However, at trial, at the beginning of the testimony of the Commonwealth's first witness, Detective Miller, Sharer moved for suppression, alleging Detective Miller unconstitutionally extended the stop based on the odor of marijuana. *See id*. at 13-14 (citing, *inter alia*, ***Rodriguez v. United States***, 575 U.S. 348 (2015)). The Commonwealth argued against suppression and requested permission to present more testimony from Detective Miller in response to Sharer's suppression motion. ***See id***. at 16 (Commonwealth stating, "I believe if we are allowed to go further into testimony, there would be more reasons as to why there's reasonable suspicion to believe that [Sharer] was involved in criminal activity"). The trial court, however, declined to hear more testimony and granted the motion from the bench. ***See id***. at 17.

The Commonwealth timely appealed and certified the suppression order substantially handicaps the prosecution, per Pa.R.A.P. 311(d). Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issues for our review:

1. Whether [Sharer's] motion for suppression was timely?

---

[1] ***See*** 75 Pa.C.S.A. §§ 3362(a), 3802(d)(1)(i), 3802(d)(1)(iii), 3802(d)(2).

2. Whether the trial court committed an error of law in granting [Sharer's] oral motion for suppression during a non-jury trial?

3. Whether the trial court committed an abuse of discretion in granting [Sharer's] oral motion for suppression of all continuing testimony of the Commonwealth's witness during a non-jury trial?

Commonwealth's Brief at 4 (unnecessary capitalization omitted; issues re-ordered for ease of disposition).

The Commonwealth's issues all turn on whether the trial court erred in granting Sharer's suppression motion. Our well-settled standard of review is as follows:

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.
>
> Our standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions.

*Commonwealth v. Rice*, 304 A.3d 1255, 1259–60 (Pa. Super. 2023) (internal citation and indentation omitted). Once a defendant files a motion to suppress, "it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of

the defendant's rights." ***Commonwealth v. Wallace***, 42 A.3d 1040, 1047-48 (Pa. 2012).

In its first issue, the Commonwealth maintains that Sharer's suppression motion was untimely. Our review of the record reveals the Commonwealth made no objection to the motion based on its untimeliness, therefore, this issue is waived. ***See*** Pa.R.A.P. 302(a) (providing that issues not raised in the trial court cannot be raised for the first time on appeal); ***Commonwealth v. Dunham***, 203 A.3d 272, 276 (Pa. Super. 2019) (finding waiver, in a Commonwealth appeal, of an argument the Commonwealth did not preserve in the trial court).

The Commonwealth's second and third issues are intertwined. The Commonwealth argues, essentially, that Sharer filed a last-minute oral suppression motion that the trial court erred in granting because, *inter alia*, the Commonwealth had no opportunity to respond. The following legal principles apply.

Pennsylvania Rule of Criminal Procedure 581(B) provides that a defendant must file a **written** suppression motion unless justice otherwise requires:

> (B) Unless the opportunity did not previously exist, or the interests of justice otherwise require, [a suppression] motion shall . . . be contained in the omnibus pretrial motion . . .. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

Pa.R.Crim.P. 581. Notably, Rule 581 also provides that a "hearing **shall** be scheduled[,]" and may occur either at trial or pre-trial, and the court "**shall** afford the attorney for the Commonwealth a reasonable opportunity for investigation." **Id**., 581(E) (emphases added).

A trial court, even if it "excus[es] a party's failure to comply with the [criminal procedural rules'] timing requirements . . ., cannot thereby disregard the remaining rules governing suppression motions." **Commonwealth v. Micklos**, 672 A.2d 796, 803 (Pa. Super. 1996) (*en banc*). This Court has explained that the function of a trial is for the Commonwealth to present sufficient evidence to satisfy the elements of charged offenses, whereas the purpose of a suppression hearing is to establish, *inter alia*, the requisite quantum of suspicion for a stop. **See id**. When a trial court entertains a tardy suppression motion but fails to provide the Commonwealth with an opportunity to "re-open its case or recall witnesses to satisfy its burden of proving by a preponderance that the evidence was not obtained in violation of the rights of the accused, the trial court overr[ides] the law governing suppression motions," because the court is incapable of properly ruling on said motion without a suppression hearing. **Id**. at 804. In so doing, the trial court also "frustrate[s] this Court's review of the merits of the suppression motion." **Id**.

The Commonwealth argues that Sharer "never filed a motion for suppression[,] and only first brought it up during the non-jury trial after which

the Commonwealth [had] already called its first witness[,]" which gave the Commonwealth "no opportunity for investigation and no opportunity to present specific evidence [relating to] the suppression." Commonwealth's Brief at 12. The Commonwealth asserts the trial court "ruled without even giving the Commonwealth any chance to meet its burden." *Id*. The Commonwealth asserts prejudice because it "would have been ready if given a chance for a suppression hearing." *Id*. at 16.

Although the Commonwealth raised this issue in its Pa.R.A.P. 1925(b) statement, *see* Commonwealth's Concise Statement, 9/22/25, at ¶¶ 1, 3, 4, the trial court failed to explain its reasons for prohibiting the Commonwealth from litigating a proper suppression hearing. *See generally* Trial Court Opinion, 10/22/25, at 1-3. For her part, Sharer argues the trial court did not abuse its discretion in denying the Commonwealth an opportunity to respond to the motion because "[a]ny additional testimony would not have changed the outcome and so is not reversible error." Sharer's Brief at 23. Sharer acknowledges, however, that should this Court conclude the trial court erred, the appropriate remedy is a remand for a suppression hearing. *See id*. at 26.

Following our review, we conclude the trial court erred. There is no dispute that Sharer failed to file a written suppression motion in advance of trial. Assuming *arguendo* the trial court properly found the opportunity to file the suppression motion did not previously exist, or that justice so required it— which the trial court did not expressly conclude—so as to allow the untimely

suppression motion, the court nevertheless was required to otherwise comply with the rules of criminal procedure and permit the Commonwealth to investigate, or, at the very least, hold a proper suppression hearing. **See Micklos**, 672 A.2d at 804; Pa.R.Crim.P. 581(E). Absent a hearing, the trial court could not properly conclude that the stop was prolonged and that the totality of the circumstances did not give rise to reasonable suspicion.[2] Accordingly, we vacate the order granting Sharer's suppression motion and remand for a suppression hearing.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2026

---

[2] As the trial court was incapable of properly ruling on the suppression motion absent a hearing, and this Court is consequently unable to review the merits of the suppression motion, we offer no opinion about the merits of said motion.